# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANDREW WILLIAMS JR.** | * | **CIVIL ACTION #** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| | * | |
| **GEO  VERA  ADVANTAGE** | * | **MAGISTRATE:** |
| **INSURANCE SERVICES, INC.** | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>NOTICE OF REMOVAL</u>

Defendant GeoVera Specialty Insurance Company (hereinafter "GeoVera"), appearing on behalf of the incorrectly named Geo Vera Advantage Insurance Services, Inc. and through undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 40th Judicial District Court, Parish of St. John the Baptist, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

### I.  PROCEDURAL HISTORY

1.

Plaintiff, Andrew Williams Jr. ("Plaintiff"), filed a Petition for Damages and Request for Notice Under LSA-C.C.P. art. 1572 in the 40th Judicial District Court, Parish of St. John the Baptist for the State of Louisiana, against Geo Vera Advantage Insurance Services, Inc., on September 6, 2022.  The case was captioned "*Andrew Williams Jr. v. Geo Vera Advantage Insurance Services, Inc.*" Docket No. 78501 Division C (*See* Petition for Damages, attached hereto and marked for identification as "Exh. A" PAGES 1 -4).

1

2.

The petition alleges that Plaintiff owns immovable property located in the Parish of St. John the Baptist at 128 Tammy Drive, LaPlace, Louisiana 70068. (*Id.* at p. 1 ¶ 2).  Plaintiff alleges that "on or about August 29, 2021, the property was substantially destroyed by Hurricane Ida." (*Id.* at p. 2 ¶ 5).  Plaintiff alleges that GeoVera is liable for uncompensated damages to Plaintiff's immovable property, penalties under LSA R.S. 22:1973 and LSA. R.S. 22:1892, and mental anguish.  (*Id.* at p.3 ¶¶ 11 and 13).

3.

On November 7, 2022, Plaintiff filed a First Supplemental and Amended Petition for Damages amending paragraph IV of the original petition to plead "upon information and belief, and at all times relevant herein, the Subject Policy provided coverage for damages caused by and resulting hurricane Ida, up to the following limits: Coverage A – Dwelling: $227,000.00; Coverage B – Other Structures $11,350.00; Coverage C – Personal Property $68,100.00; Coverage D – Loss of Use $22,700.00."  (*See* First Supplemental and Amended Petition for Damages, attached hereto and marked for identification as "Exh. B" PAGES 1-2).

4.

On or about November 18, 2022, Plaintiff filed a Second Supplemental and Amended Petition for Damages substituting and amending paragraph 14 of the original petition to "reflect the true names of the parties, to wit: *Andrew Williams, Jr. versus GeoVera Specialty Insurance Company.*"  (*See* Second Supplemental and Amended Petition for Damages, attached hereto and marked for identification as "Exh. C" PAGES 2-10).

5.

On December 9, 2022, GeoVera filed an answer wherein it pled under its Twenty-Seventh Defense that "Plaintiff has failed to state whether the subject claim meets subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and (GeoVera) reserves all rights to invoke the jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332 upon receipt of sufficient information through discovery in the matter." (*See* Answer to Petition for Damages and Request for Notice Under LSA-C.C.P. art. 1572, First Supplemental and Amended Petition for Damages, and Second Supplemental and Amended Petition for Damages, attached hereto and marked for identification as "Exh. D" PAGES 1-26).   On December 9, 2022, GeoVera served Requests for Admissions on counsel for Plaintiff requesting that the Plaintiff "admit or deny that the total amount in controversy in this case exceeds the sum or value of seventy-five thousand dollars ($75,000.00), inclusive of all actual damages, exemplary damages, statutory penalties and attorney's fees, exclusive of costs and judicial interest." (*See* Requests for Admission, attached hereto and marked for identification as "Exh. E" PAGES 1-2).

6.

On January 17, 2023, counsel for GeoVera wrote counsel for Plaintiff advising that the Plaintiff's discovery responses to Request for Admission were still outstanding and that GeoVera would like to schedule a 10.1 conference for January 25, 2023.   (*See* email from counsel for GeoVera to counsel for Andrew Williams dated January 17, 2023, attached hereto and marked for identification as "Exh. F").

7.

On January 23, 2023, counsel for Plaintiff forwarded Plaintiff's initial disclosures wherein Plaintiff itemized his losses to be as follows: Roof Damage $23,581.12; Interior Damage (drywall,

cabinet systems, closets, insulation): est $42,699.66; Exterior Damage (siding, debris removal, fence, windows, plumbing, mold removal, etc) Estimate from Rockwell for All Damage: $21,597.64, Window Treatment: $2,165.00.  (*See* Plaintiff's initial disclosures (erroneously titled 'Answers to Interrogatories,' attached hereto and marked for identification as "Exh. G" PAGES 1-6).  Invoices and estimates from Byron Toups, LLC, Window World, and Rockwell Construction were attached to Plaintiff's initial disclosures.  (*See* invoice and estimates from Byron Toups, LLC, Window World, and Rockwell Construction, attached hereto and marked for identification as "Exh. H" PAGES 1- 11).

8.

GeoVera removes this action from the 40th Judicial District, Parish of St. John the Baptist to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS AND THE PARTIES ARE DIVERSE IN CITIZENSHIP

9.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."  28 U.S.C. § 1446(b)(3) states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper from which it may first be ascertained that the case is one which is or has become removable.**" (emphasis added).

10.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

11.

GeoVera first received notice that the contractual damages in dispute herein exceeded $75,000 upon receipt of the plaintiff's initial disclosures and estimates/invoices attached thereto on January 23, 2023.

12.

While not a formal settlement demand, Plaintiff's initial disclosures and attached invoices/estimates thereto can be considered by this court as "other papers" in support of GeoVera's burden of proof to show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount.   Judges within Louisiana federal courts have "[p]reviously held that the amount sought in a pre-removal settlement demand letter is "valuable evidence to indicate the amount in controversy at the time of removal.'" *Richard v. Starr Indemnity and Liability Co.*, 16-663, 2016 WL 11264643 *3 (M.D. 12/29/206) (Bourgeois, M.J.) unpublished *Citing to Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995). "It can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of plaintiff's

claims." *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (Noland, M.J.). *See also Wilson v. Berlin*, 20 F.3d 644,651 n.8 (5th Cir. 1994) (Removal was proper because plaintiff's counsel had sent defendants a letter "stating that the amount in controversy exceed $50,000, the minimum amount at that time required for diversity cases); *Addo v. Global Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding that a demand letter can serve as an 'other paper from which it may be first ascertained that the case is one which is or has become removable" for the purpose of determining whether removal is timely under 28 U.S.C. §1446 (b) ).

13.

In Plaintiff's initial disclosures and attachments forwarded to GeoVera on January 23, 2023, Plaintiff offers a computation of damages that exceed $75,000. (*See* Exh. H). This was the first time GeoVera was made aware that the amount in controversy in the matter exceeded $75,000 as there was no pleading of any specific amount of damages in Plaintiff's pleading and GeoVera had not been previously provided with copies all of the estimates attached to Plaintiff's initial disclosures.

14.

Plaintiffs' initial disclosures and invoices/estimates attached thereto produced on January 23, 2023, when considered the allegations contained in the lawsuit, demonstrates that the amount in controversy exceeds $75,000 exclusive of interests and costs.

15.

Geovera is a foreign insurance corporation duly organized under the laws of the State of Delaware and having its principal place of business in the State of California. Plaintiff is a resident of St. John the Baptist Parish and citizen of the State of Louisiana. There is complete diversity between the parties.

6

16.

While GeoVera admits no liability nor any element of damages, it is apparent from the facts set forth in this notice of removal that the matter in controversy exceeds $75,000. GeoVera has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### III.    GEOVERA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

17.

Counsel for Plaintiff filed the Second Supplemental and Amended Petition on November 18, 2022 (*See* Exh C). Counsel for Plaintiff emailed a copy of the Second Supplemental and Amended Petition to counsel for GeoVera on November 18, 2022 (*See* email from Plaintiff counsel to counsel for GeoVera dated November 18, 2022, attached hereto and marked for identification as "Exh. H"). GeoVera was first made aware that the amount in controversy exceeded $75,000 after receiving Plaintiff's initial disclosures on January 24, 2023 (*See* Exh G). 28 U.S.C. § 1446(b)(3) states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper from which it may first be ascertained that the case is one which is or has become removable.**" (emphasis added). The Fifth Circuit has previously held that the second paragraph of § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an "other paper" from which the defendant may first ascertain that the case is removable. See *Chapman v. Powermatic, Inc.,* 969 F.2d 160 at 164 (5th Cir. 1992).

In *Credeur v. York Claim Service,* 12-1367, 2013 WL 5935477 (W. D. La. Nov. 4, 2013) (Doherty, J.) plaintiff contended that defendant's removal was untimely. The Court found that it was not facially apparent from the claimed damages in a personal injury petition whether the damages exceeded $75,000. Defense counsel emailed the plaintiff's counsel to ask whether the damages were more than $50,000 and more than $75,000. (*Id*. at p *1.) Plaintiff's counsel responded that the amount in controversy exceed $75,000 and sent defense counsel medical records to support the claim. Plaintiff moved to remand asserting that the removal was past the 30-day deadline which started to run after receipt of these emails in March 2013. Defendant opposed arguing that the time to remove did not commence until after receipt of formal responses to discovery on May 8, 2013 which provided the same information as stated in the email, as the emails did not constitute "other paper" for the purposes of 28 U.S.C. § (b) (3). *Id.* at *6. The district court remanded the matter finding that the email sent by plaintiff's counsel and attaching medical documentation which supported that the claim met the jurisdictional amount for removal constituted "other paper" for the purposes of 28 U.S.C. § 1446 (b) (3).

18.

This Notice of Removal is filed within thirty (30) days after receipt of counsel for plaintiff's initial disclosures and estimates attached thereto on January 23, 2023 showing that the amount in controversy exceeds $75,000.00 (*Id*).

19.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a) (2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

20.

The 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

21.

No previous application has been made by GeoVera for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the original Petition, First Supplemental and Amended Petition for Damages, Second Supplemental and Amended Petition for Damages, and all other pleadings of record served on or by GeoVera to date, are attached hereto as Exhibit A, B, and C respectively.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon John W. Redmann, Edward L. Moreno, Travis J. Causey, Jr., Kelly S. Rizzo, Cristian A. Galleguillos, Benjamin B. Perkins, Lisa Z. Gilmore, and Jordan R. Westerfield, Counsel for Plaintiff Andrew Williams, Jr., and the Clerk of Court for the 40th Judicial District Court, Parish of St. John the Baptist, State of Louisiana.  No other process, pleadings, or orders have been served upon GeoVera.

## IV.    CONCLUSION

22.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, GeoVera, has complied with, this cause of action is removable to the United States District Court for the Eastern District of Louisiana.

23.

GeoVera reserves the right to supplement or amend this Notice of Removal.

24.

GeoVera reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to GeoVera.

25.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully Submitted,

*s/Darrin M. O'Connor*
**DARRIN M. O'CONNOR (24582)**
**ASHLEY G. HADDAD (37695)**
**DAVID J CREIGHTON (35461)**
Porteous, Hainkel & Johnson L.L.P.
408 N. Columbia Street
Covington, LA  70433-2920
Telephone:  (985) 893-4790
Direct Line:  (985) 246-7454
Direct Fax:  (985) 246-7455
Email:  doconnor@phjlaw.com
*Counsel for GeoVera Specialty Insurance
Company*

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 27th day of January 2023 a copy of the foregoing Notice of Removal has been sent to the following:

**Counsel for Plaintiff Andrew Williams, Jr. (Via Email)**
John W. Redmann
Edward L. Moreno
Travis J. Causey, Jr.
Kelly S. Rizzo
Cristian A. Galleguillos
Benjamin B. Perkins
Lisa Z. Gilmore
Jordan R. Westerfield
1101 Westbank Expressway
Gretna, Louisiana 70053
T: (504) 433-5550
F: (504) 433-5556
E: lzelaya@redmannlaw.com
AND
St. John the Baptist Parish Clerk of Court
2393 Highway 18
PO Box 280
Edgard, La 70049
T: (985) 497-3331
F: (985) 497-3972

_s/Darrin M. O'Connor_
**DARRIN M. O'CONNOR**
**DAVID J. CREIGHTON**

11